# United States Court of Appeals for the Federal Circuit

2008-5114, -5115

FRANCISCO JAVIER RIVERA AGREDANO
and ALFONSO CALDERON LEON,

Plaintiffs-Cross Appellants,

v.

UNITED STATES,

Defendant-Appellant.

Teresa Trucchi, Suppa, Trucchi and Henein LLP, of San Diego, California, argued for plaintiffs-cross appellants.

Patricia M. McCarthy, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for defendant-appellant. With her on the brief were Tony West, Assistant Attorney General, and Jeanne E. Davidson, Director. Of counsel on the brief were Devin A. Wolak, Trial Attorney, and Christopher J. Duncan, Attorney, Office of Assistant Chief Counsel, Department of Homeland Security, United States Customs and Border Protection, of San Diego, California.

Appealed from: United States Court of Federal Claims

Chief Judge Emily C. Hewitt

# United States Court of Appeals for the Federal Circuit

2008-5114, -5115

FRANCISCO JAVIER RIVERA AGREDANO
and ALFONSO CALDERON LEON,

Plaintiffs-Cross Appellants,

v.

UNITED STATES,

Defendant-Appellant.

Appeals from the United States Court of Federal Claims in
05-CV-608, Chief Judge Emily C. Hewitt.

_____

DECIDED: February 17, 2010

_____

Before MAYER, CLEVENGER, and DYK, Circuit Judges.

Opinion for the court filed by Circuit Judge MAYER. Concurring opinion filed by Circuit Judge DYK.

MAYER, Circuit Judge.

The United States appeals the judgment of the Court of Federal Claims holding that United States Customs and Border Protection ("Customs") breached an implied-in-fact warranty when it inadvertently sold a vehicle containing concealed narcotics to Francisco Javier Rivera Agredano. See Agredano v. United States, 82 Fed. Cl. 416 (2008). Because the court erred in finding an implied warranty in the agreement between Customs and Agredano, we reverse.

BACKGROUND

Agredano attended a Customs auction of forfeited vehicles on September 5, 2001. In order to participate in the auction, Agredano was required to sign a bidder registration form stating that he "agree[d] to comply with the terms of sale contained in the sale catalog for this sale." The sale catalog, in turn, stated:

> The vehicles offered to you for purchase at any U.S. Customs Auction are sold "AS IS, WHERE IS". This means that neither U.S. Customs or McCormack Auction Company, or EG & G Dynatrend, extend any warranties or promises of any kind regarding any aspect of the vehicle or its ability to operate, including but not limited to the vehicle's identity, previous ownership, physical condition, registration status, or ability to pass a smog certification.

A second disclaimer, printed on a flyer displayed at the auction, stated "[a]ll merchandise is sold on an 'AS IS, WHERE IS' basis, without warranty or guarantee as to condition, fitness to use, or merchantability stated, implied or otherwise. Please bid from your personal observations."

Agredano purchased a 1987 Nissan Pathfinder at the auction. The vehicle had been seized by Customs and forfeited when its previous owner attempted to transport marijuana across the Mexican border into the United States. While Customs agents detected and removed some of the marijuana at that time, more remained in the vehicle unbeknownst to Customs or Agredano. Several months after the auction, on January 24, 2002, Agredano was traveling in the Pathfinder in Mexico with Alfonso Calderon Leon, his business partner and brother-in-law. The two men were stopped at a checkpoint by Mexican soldiers who inspected the vehicle and found the hidden marijuana. Both men were arrested and spent nearly a year in prison before being exonerated by a Mexican appellate court on January 10, 2003.

Agredano and Leon jointly filed a claim against the United States in the United States District Court for the Southern District of California pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680, alleging, inter alia, negligence and breach of contract. While the case was pending, the Supreme Court issued its decision in Sosa v. Alvarez-Machain, which held that a statutory exception to the FTCA "bars all claims based on any injury suffered in a foreign country, regardless of where the tortious act or omission occurred." 542 U.S. 692, 712 (2004). Relying on Sosa, the district court granted the government's motion for summary judgment. The parties then stipulated to the filing of an amended complaint, alleging only contract claims, and the transfer of the action to the Court of Federal Claims.

The Court of Federal Claims held that a contract arose when Agredano agreed to purchase and Customs agreed to sell the Pathfinder, the contract contained an implied-in-fact warranty that the vehicle did not contain contraband, and Customs breached this warranty. Agredano, 82 Fed. Cl. at 452. The court awarded damages for Agredano's past and future medical bills, past and future psychiatric treatment, attorney fees in connection with the criminal proceedings in Mexico, and costs incurred by Agredano's family to visit him in prison. Id. The trial court denied third-party beneficiary status to Leon, denied Agredano's request for damages for emotional distress, and held that Customs did not violate the implied covenant of good faith and fair dealing. Id. at 428-29, 447, 451-52. The United States appeals the finding of an implied-in-fact warranty. Agredano and Leon cross-appeal as to third-party beneficiary status for Leon, damages

for emotional distress, and the implied covenant of good faith and fair dealing.[1] We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

## DISCUSSION

We review the Court of Federal Claims's decision <u>de novo</u> for errors of law and for clear error on findings of fact. <u>Ind. Mich. Power Co. v. United States</u>, 422 F.3d 1369, 1373 (Fed. Cir. 2005). Contract interpretation is a matter of law, and is therefore reviewed <u>de novo</u>. <u>St. Christopher Assocs., L.P. v. United States</u>, 511 F.3d 1376, 1380 (Fed. Cir. 2008).

"[T]o recover for a breach of warranty, a plaintiff must allege and prove (1) that a valid warranty existed, (2) the warranty was breached, and (3) plaintiff's damages were caused by the breach." <u>Hercules Inc. v. United States</u>, 24 F.3d 188, 197 (Fed. Cir. 1994). At issue in this case is the first prong. It is undisputed that Customs made no express warranties regarding the vehicle, and the trial court appropriately determined that it did not have jurisdiction to entertain a claim that a warranty was implied-in-law. <u>Agredano</u>, 82 Fed. Cl. at 430 (citing <u>Hercules, Inc. v. United States</u>, 516 U.S. 417, 423 (1996)). Instead, the trial court held that the contract between Agredano and Customs contained an implied-in-fact warranty that the Pathfinder was free of contraband, despite the disclaimers of warranty made by Customs at the auction.

As the trial court correctly stated, an agreement implied-in-fact requires a "'meeting of minds'" that can be inferred from the conduct of the parties. <u>Id.</u> at 440 (quoting <u>Baltimore & Ohio R.R.</u>, 261 U.S. 592, 597 (1923)). We have found implied

---

[1] Agredano and Leon also argue that we should transfer the FTCA claims they raised in the Southern District of California to the United States Court of Appeals for the Ninth Circuit. Because these claims were not before the Court of Federal Claims, we lack jurisdiction over them.

warranties only where "the circumstances strongly supported a factual inference that a warranty was implied." Lopez v. A.C. & S., Inc., 858 F.2d 712, 715 (Fed. Cir. 1988).

The trial court held that the actions of Agredano and Customs, indicating that both parties believed the Pathfinder was free of contraband, demonstrate the requisite meeting of the minds to form an implied warranty. Agredano, 82 Fed. Cl. at 440. The foundation of the parties' belief is an expectation that Customs had fulfilled its regulatory duty to remove any contraband from the vehicle before selling it. Id. at 437 ("The officers and agents of Customs are tasked with the duty to identify and remove all contraband from vehicles that cross into the United States."). However, Customs' responsibility to remove contraband from forfeited vehicles does not provide a contractual warranty to future purchasers of the vehicles that it has done so. D & N Bank v. United States, 331 F.3d 1374, 1378-79 (Fed. Cir. 2003) ("An agency's performance of its regulatory or sovereign functions does not create contractual obligations."). While Agredano is correct that the sale of the vehicle was a commercial transaction, not a regulatory function, the source of any responsibility on the part of Customs to search vehicles and remove contraband is its regulatory function and a failure to adequately perform this responsibility does not provide a contractual remedy.

The existence of an implied-in-fact warranty is further undermined by the express disclaimers Customs made at the auction, which show that Customs did not intend to make any warranty with regard to the vehicle. The meeting of the minds required to form an implied-in-fact warranty therefore could not have occurred. The trial court held that Customs did not disclaim a warranty that the vehicle was free of contraband by interpreting the scope of disclaimer to be limited to "the construction, maintenance, and

mechanical operation of the vehicle" and not extending to "a situation in which 'the vehicle had been modified in a way that had no effect on its ability to function for transportation.'" Agredano v. United States, 70 Fed. Cl. 564, 572 (2006) (quoting Rodriguez v. United States, 69 Fed. Cl. 487, 498 (2006)). This interpretation ignores the language found in the sale catalog, which indicates that the disclaimer goes beyond mechanical operation of the vehicle by stating that no warranties are provided "regarding any aspect of the vehicle or its ability to operate" (emphasis added). The sale catalog offers as examples of aspects of the vehicle for which no warranty is provided the vehicle's identity, previous ownership, and registration status. These examples further demonstrate that the disclaimer is not limited to the ability of the vehicle to function for transportation. Customs clearly and unambiguously stated that it was not extending a warranty regarding any aspect of the vehicle, and it is incongruous to find that Customs impliedly warranted what it expressly disclaimed.

The issues of third-party beneficiary status and damages for emotional distress raised by Agredano and Leon in their cross-appeal are rendered moot by this decision. We have considered their argument that the government violated the implied covenant of good faith and fair dealing, and we concur with the trial court's decision on this issue.

CONCLUSION

Accordingly, the judgment of the Court of Federal Claims is reversed.

REVERSED

# United States Court of Appeals for the Federal Circuit

2008-5114, -5115

FRANCISCO JAVIER RIVERA AGREDANO
and ALFONSO CALDERON LEON,

Plaintiffs-Cross Appellants,

v.

UNITED STATES,

Defendant-Appellant.

Appeals from the United States Court of Federal Claims in
05-CV-608,Chief Judge Emily C. Hewitt.

DYK, Circuit Judge, concurring.

Absent a contractual warranty disclaimer, it seems to me that the sale of an automobile by the government to a private purchaser likely carries with it an implied-in-fact warranty of fitness, including a warranty that the vehicle does not contain illegal drugs. However, I agree with the majority that the contract here explicitly disclaimed all warranties, not just those relating to the operability of the vehicle. The government's regulatory practice of inspecting such vehicles for contraband cannot overcome this disclaimer. I accordingly join the majority opinion.